UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

───────────────────────────────────────────────

JOHNNY GAINES, an Individual,

Plaintiff,

-vs-                                          Case No.:1:23-cv-1198
                                             Hon.:

FAMILY FARE, LLC.,
A Michigan Limited Liability Company
d/b/a FAMILY FARE SUPERMARKET
SPARTAN STORES FUEL, LLC.,
A Michigan Limited Liability Company
d/b/a FAMILY FARE QUICK STOP,
SPARTANNASH ASSOCIATES, LLC.,
A Michigan Limited liability Company, and
JANE OLDENKAMP, an Individual,

Defendants.

| | |
|---|---|
| AHMAD &AKBAR LAW, PLLC<br>Muneeb M. Ahmad, Esq. (P70391)<br>Syed Hussain Akbar, Esq. (P67967)<br>Attorneys for Plaintiff<br>811 N. Main Street, Suite 106<br>Royal Oak, MI 48067-1825<br>Tel. (248) 519-2313<br>Fax: (248) 519-2399<br>Muneeb@ahmadandakbar.com | |

**PLAINTIFF'S VERIFIED COMPLAINT**
───────────────────────────────────────────────

NOW COMES Plaintiff, JOHNNY GAINES, an Individual, by and through

undersigned counsel, Ahmad & Akbar Law, PLLC, and for Plaintiff's Verified

Complaint against, FAMILY FARE, LLC., a Michigan Limited Liability Company, d/b/a FAMILY FARE SUPERMARKET, and SPARTAN STORES FUEL, LLC., a Michigan Limited Liability Company, d/b/a FAMILY FARE QUICK STOP, and SPARTANNASH ASSOCIATES, LLC., and JANE OLDENKAMP, an Individual, hereinafter states as follows:

## PARTIES

1. Plaintiff JOHNNY GAINES is an Individual and is an black and/or African American male who at all times relevant herein, was, and currently is, a resident of the City of Holland, located in Ottawa County within the State of Michigan.

2. Upon information and belief, at all times relevant herein, Defendant FAMILY FARE, LLC, was and still is a Michigan Limited Liability Company, that maintains a registered office address at 2900 West Road, Suite 500, East Lansing, Michigan 48823, whose Resident Agent is CSC-Lawyers Incorporated Service.

3. Upon information and belief, at all times relevant herein, FAMILY FARE, LLC., conducted and still conducts business under the assumed name FAMILY FARE SUPERMARKET ("*Supermarket*") located and operating at 993 Butternut Drive, Holland, Michigan 49424-1552.

4. Upon information and belief, at all times relevant herein, Defendant SPARTAN STORES FUEL, LLC., was and still is a Michigan Limited Liability Company, that maintains a registered office address at 2900 West Road, Suite 500, East

Lansing, Michigan 48823, whose Resident Agent is CSC-Lawyers Incorporated Service.

5. Upon information and belief, at all times relevant herein, SPARTAN STORES FUEL, LLC., conducted and still conducts business under an assumed name of FAMILY FARE QUICK STOP that operates a gas station and convenience store ("*Quick Stop*"), located and operating at 997 Butternut Drive, Holland, Michigan 49424-1552.

6. Upon information and belief, at all times relevant herein, Defendant SPARTANNASH ASSOCIATES, LLC, was and still is a Michigan Limited Liability Company, that maintains a registered office address at 3410 Belle Chase Way, Suite 600, Lansing, Michigan 48911 whose Resident Agent is CSC-Lawyers Incorporated Service.

7. Upon information and belief, Defendant JANE OLDENKAMP ("*Oldenkamp*"), white and/or Caucasian female who at all times relevant herein, was, and currently is, a resident of the City of Holland, located in Ottawa County within the State of Michigan.

## JURISDICTION AND VENUE

8. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs and allegations, as though fully set forth herein.

9. Jurisdiction is proper pursuant to 28 U.S.C. §1331,  28 U.S.C. §1332,  28 U.S.C.

§1343,  42 U.S.C. §1981 and federal common law.

10. This Court has personal jurisdiction over Defendants because they conduct business in the State of Michigan.

11. This action seeks permanent injunctive relief pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C. §134,  42 U.S.C. §1981,  and M.C.L. §37.2302 and pursuant to the general, legal, and equitable powers of this Honorable Court.

12. A substantial part of the unlawful acts alleged herein were committed within the jurisdiction of the United States District Court for the Western District of Michigan.

13. This action involves unlawful racially motivated discriminatory practices, including but not limited to, discrimination by association (or associative discrimination) in a place of public accommodation located in this judicial district, against African Americans and/or other minorities, as well as against persons related or associated with individuals belonging to these protected classes.

14. Venue is proper under 42 U.S.C. §1391(b) and 42 U.S.C. §1391(d) as to Defendants because Defendants conduct business in this judicial district, and because this judicial district is where Plaintiff resides and where a substantial part of the events or omissions giving rise to the claims occurred.

## BACKGROUND INFORMATION AND GENERAL FACTUAL ALLEGATIONS

15. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs and allegations, as though fully set forth herein.

16. Upon information and belief, at all times relevant herein, the factual allegations set forth herein provide relevant information and compelling evidence of Defendant Supermarket, Defendant Quick Stop, Defendant SpartanNash Associates, LLC, (hereinafter collectively referred to as "*Family Fare Defendants*") and Defendant Oldenkamp's (hereinafter collectively referred to as "*Defendants*") long standing racially motivated discriminatory practices and conduct in violation of federal and state law, towards and against African Americans, other minorities, and against people with disabilities, as well as against persons related or associated with individuals belonging to these protected classes.

17. Further, and more specifically, the factual allegations set forth herein provide relevant information and compelling evidence of Defendants' discrimination in violation of federal and state law against Plaintiff Johnny Gaines (hereinafter "*Plaintiff*") and further support the relief requested herein.

18. At all times relevant herein, Plaintiff was, and currently is a black and/or African American male.

19. At all times relevant herein, Plaintiff resided and still continues to reside on

Butternut Drive, in Holland, Michigan, approximately one mile from Family Fare

Defendants' Quick Stop and Supermarket and has frequented these

establishments due to necessity and convenience.

20. At all times relevant herein, Plaintiff was married, and his wife was white and/or

Caucasian.

21. Plaintiff and his wife have a daughter who is 15 years old and a son who is 11

years old. Both children are mixed race as Plaintiff is black and/or African

American and his wife is white and/or Caucasian.

22. Upon information and belief, at all times relevant herein, Defendant Supermarket

and Defendant SpartanNash Associates, LLC, oversaw the operation of the

Supermarket and employed and managed its employees, personnel, agents and

representatives.

23. Upon information and belief, at all times relevant herein, for all intents and

purposes, Defendant Supermarket and Defendant SpartanNash Associates, LLC,

also managed and oversaw the operations of Defendant Quick Stop and employed

and managed its employees, personnel, agents and representatives.

24. Upon information and belief, at all times relevant herein, under the "Family Fare"

retail banner, by and through Defendant Supermarket and Defendant Quick Stop,

Family Fare Defendants provided grocery, pharmacy, and fuel services to the

general public.

25. Upon information and belief, at all times relevant herein, the Family Fare Defendants employed, and currently still employ, Defendant Oldenkamp as an employee who served as Family Fare Defendants' Quick Stop manager, cashier and/or person otherwise in charge of the gas station and convenience store.

26. Sometime in July or August of 2022, Plaintiff Johnny Gaines entered the Family Fare Defendants' Quick Stop gas station and convenience store with his two minor children to purchase some snacks, candy, and cold drinks.

27. During his visit, Plaintiff Johnny Gaines asked Defendant Odencamp if there was any cold beer in the back.

28. In response, Defendant Odencamp looked at Plaintiff and rudely snapped back and said that she is sick and tired of *"ya'll people"* always coming in here, or something to that effect.

29. In shock, Plaintiff inquired what she meant by the term *"ya'll people"* and she just rudely stared back at Plaintiff and said, *"your kind!"*.

30. When Plaintiff again inquired what she meant by the term *"your kind"*, she again stared back at Plaintiff and his minor children and told Plaintiff and his minor children to *"get out of the store"* and not to come back to the store.

31. Defendant Odencamp's discriminatory statements and demeanor towards Plaintiff Johnny Gaines completely shocked, disturbed, hurt, angered an outraged Plaintiff as it was Plaintiff's complete and clear understanding based on

Defendant Odencamp's statements and body language that her conduct towards him was motivated by Plaintiff's black or African American race.

32. Further, Defendant Odencamp's discriminatory statements and demeanor toward Plaintiff Johnny Gaines was made worse by the fact that his two minor children witnessed the incident and were themselves discriminated against because they are of mixed race and were children present with Plaintiff, who is black and/or African American himself.

33. Plaintiff's complete and clear understanding of Defendant Odencamp's racially motivated discriminatory conduct was further confirmed, amplified, and made clear by the fact that:

   a. Plaintiff Johnny Gaines was the only black or African American person in the store at that time;

   b. Defendant Odencamp did not display or otherwise exhibit to any of the other patrons or customers in the store, all of whom were white or Caucasian, the same type of racially motivated discriminatory conduct wherein she harassed and refused service to Plaintiff;

   c. Defendant Odencamp did not make these types of racially motivated discriminatory statements to any of the other patrons or customers in the store, all of whom were white or Caucasian;

   d. Plaintiff Johnny Gaines had been in the Family Fare Defendants' Quick Stop on at least one other prior occasion wherein Defendant Odencamp was pleasantly conversing and interacting with other white or Caucasian customers, but deliberately provided poor customer service to Plaintiff when it was his turn to pay by failing to converse with him, say hello, look him in the eyes, or otherwise acknowledge him before taking his money and throwing his change on the counter at Plaintiff.

34. It was clear to Plaintiff based on Defendant Odencamp's conduct, body language, and verbal statements that the term *"ya'll"* and *"your kind"* meant people of Plaintiff's race (African American or black people), and that she did not want to service Plaintiff because of his race.

35. Because Plaintiff's minor children were with him during the incident, and Plaintiff did not want to cause a scene, Plaintiff took his children and left Defendants' Quick Stop without being able to purchase any items.

36. Before leaving Defendants' Quick Stop, Plaintiff asked for Defendant Odencamp's name so he could report her to management, but she refused to give Plaintiff her name and simply turned away to prevent Plaintiff from seeing her nametag.

37. Although Plaintiff Johnny Gaines was unable to report this incident because of Defendant Odencamp's non-compliance, it came to Plaintiff Johnny Gaines' attention that other individuals have reported Defendant Odencamp's discriminatory conduct to the Family Fare Defendants on at least three separate occasions, to no avail.

38. Further, upon information and belief, other African Americans and/or other minorities, as well as persons related to associated with individuals belonging to these protected classes, have also been subjected to Defendants' discriminatory practices.

39. Upon information and belief, these complaints have fallen on deaf ears as the Family Fare Defendants have failed to properly and adequately investigate, address and/or correct the discriminatory conduct that black or African American and other minority members of the public are subjected to at the hands of the Family Fare Defendants' employees, which in effect have further endorsed Defendant Odencamp's conduct and the discrimination that Plaintiff  and others were, and continue to be forced to endure.

40. In fact, Family Fare Defendants' employees, representatives and agents have also stated that Family Fare Defendants are aware of complaints of discrimination and Defendant Odencamp's discriminatory conduct towards African Americans and/or other minorities, as well as against persons related or associated with individuals belonging to these protected classes, but have brushed these matters under the rug and do not take those complaints seriously.

41. As a result of the Family Fare Defendants' actions or lack thereof the Family Fare Defendants are vicariously liable for the racially discriminatory conduct and actions of their employees, including but not limited to Defendant Odencamp.

## COUNT I
## VIOLATION OF 42 U.S.C. §1981(c)

42. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs and allegations, as though fully set forth herein.

43. 42 U.S.C. §1981 provides:

**Equal rights under the law:**

All persons in the jurisdiction of the United States shall have the same right in every state and territory to make and enforce contracts to sue, be parties, give evidence, to a full and equal benefit of all of laws and proceedings for security persons and property as of enjoyed by white citizens, and shall be subject to like punishment, pains, penalty, taxes, license and exactions of every kind, and to no other.

44. Under the Fourteenth Amendment, Plaintiff has the guaranteed right to make and enforce contracts.

45. 42 U.S.C. §1981 prohibits intentional race discrimination in the making and enforcing of contracts involving both public and private actors.[1]

46. As further set forth above in more detail, Plaintiff Johnny Gaines was subjected to intentional discrimination because his race is black and/or African American.

47. As further set forth above in more detail, Defendants discriminated against Plaintiff Johnny Gaines in violation of 42 U.S.C. §1981 and deprived him of his civil rights to make and enforce contracts by, among other things:

   a. Subjecting Plaintiff because of his race, to discrimination in denying him the full and complete benefit of bargain, purchase, and/or the contract, by telling Plaintiff and his minor children to *"get out of the store"* and not to come back to the store which had the intended effect of denying Plaintiff the opportunity to purchase the snacks, candy, and cold drinks that Plaintiff and his children entered the store the purchase;

   b. Subjecting Plaintiff because of his race, to discrimination in denying him access to the Family Fare Defendants' Quick Stop and the making of a

---

[1] *Christian v. Walmart Stores, Inc.,* 252 F3d 862, 867-68 (6th Cir. 2001) ("the making, performance, modification, the termination of contracts, and enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship."

contract to receive goods and services provided by Defendants.

c. Subjecting Plaintiff because of his race, to embarrassment, humiliation, verbal and nonverbal harassment on the Family Fare Defendants Quick Stop premises by subjecting him several discriminatory statements, including but not limited to: telling Plaintiff that she is sick and tired of *"ya'all people"* coming into the store, telling Plaintiff that *"your kind"* is not welcome in the store, which had the purpose and/or effect of denying Plaintiff full and equal access to the making of a contractual relationship between Plaintiff and Defendants to obtain their goods and/or services.

d. Subjecting Plaintiff to severe emotional distress and anguish by not allowing Plaintiff to fully enjoy the benefit of his bargain and depriving Plaintiff of Defendants' goods and/or services.

48. As a direct and proximate result of Defendants' violation of 42 U.S.C. §1981, Plaintiff suffered damages and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, declaratory and injunctive relief, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages as provided by the applicable law.

## COUNT II
## VIOLATION OF THE ELLIOT-LARSEN CIVIL RIGHTS ACT, M.C.L. §37.2302 DISCRIMINATION BASED ON RACE

49. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs and allegations, as though fully set forth herein.

50. Plaintiff Johnny Gaines is a protected individual because of his race: black and/or

African American.

51. The Family Fare Defendants' Supermarket and Quick Stop are places of public accommodation under M.C.L. §37.2301.

52. Defendants discriminated against Plaintiff Johnny Gaines in violation of M.C.L. §37.2301 and M.C.L. §37.2302 and deprived him of his civil rights to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation because of his race as more fully set forth and described above.

53. Plaintiff Johnny Gaines's individual patronage and/or presence at the Family Fare Defendants' Quick Stop was objectionable, unwelcomed, unacceptable, or undesirable to Defendants because of his race, as more fully set forth and described above.

54. As a direct and proximate result of Defendants' wrongful acts and omissions, Plaintiff has sustained damages, and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, declaratory and injunctive relief, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages as provided by the applicable law.

## COUNT III
## VIOLATION OF TITLE II OF THE CIVIL RIGHTS ACT OF 1964
## (PUBLIC ACCOMMODATIONS), 42 U.S.C. §2000a

55. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs

and allegations, as though fully set forth herein.

56. 42 U.S.C. §2000(a) provides:

> All persons shall be entitled to the full and equal enjoyment of the goods,
> services, facilities, privileges, advantages, and accommodations of any place
> of public accommodation, as defined in this section, without discrimination
> on the ground of race, color, religion, or national origin.

57. 42 U.S.C. §2000(b) provides:

> (b) Each of the following establishments is a place of public accommodation
> within this title if its operations affect commerce, or if discrimination or
> segregation by it is supported by State action:

>> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain,
>> or other facility principally engaged in selling food for consumption on
>> the premises, including, but not limited to, any such facility located on
>> the premises of any retail establishment; or any gasoline station.

58. Under the Civil Rights Act of 1964, Plaintiff has the guaranteed right to "full and

equal enjoyment of the goods, services, facilities, privileges, advantages, and

accommodations of any place of public accommodation."

59. 42 U.S.C. §2000(a) prohibits intentional discrimination on the basis of race,

color, religion, or national origin in a place of public accommodation.

60. The Family Fare Defendants' Quick Stop is a place of public accommodation

within the meaning of 42 U.S.C. §2000(b) because it is a "gasoline station" and

the indoor store is "principally engaged in selling food for consumption on the premises" and is a "facility located on the premises of any retail establishment."

61. Defendants discriminated against Plaintiff Johnny Gaines in violation of 42 U.S.C. §2000 and deprived him of his civil rights to the full and equal enjoyment of the goods, services, facilities, privileges, advantages or accommodations of a place of public accommodation because of his race, as more fully set forth and described above.

62. As a direct and proximate result of Defendants' violation of 42 U.S.C. §2000, Plaintiff suffered damages and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter judgment against Defendants in the amount consistent with the damages sustained, declaratory and injunctive relief, plus costs and attorneys' fees wrongfully incurred to bring this action in addition to any other damages including punitive damages as provided by this applicable law.

## COUNT IV
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

63. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs and allegations, as though fully set forth herein.

64. Defendants' conduct as alleged above was extreme, outrageous, and utterly intolerable in a civilized society.

65. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

66. As a result of Defendants' conduct described above, Plaintiff suffered, among other things, severe and serious emotional distress.

67. Further, as a direct and proximate result of Defendants' intentional infliction of emotional distress, Plaintiff suffered injury and damage, including the following:

   a.  pain, suffering, and emotional distress;

   b.  injury to his reputation;

   c.  humiliation, mortification, and embarrassment; and

   d.  other injuries or damages that are found to be related to the occurrence that appear or manifest themselves during the course of discovery and trial.

68. As a direct and proximate result of Defendants' intentional and outrageous acts, Plaintiff has sustained damages, and has suffered mental anguish, physical and emotional distress, humiliation, and embarrassment.

**WHEREFORE,** Plaintiff respectfully asks this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, declaratory and injunctive relief, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages as provided by the applicable law.

## COUNT V
## PERMANENT INJUNCTION

69. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs and allegations, as though fully set forth herein.

70. Defendants' conduct as alleged above was extreme, outrageous, and utterly intolerable in a civilized society.

71. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

72. Plaintiff was denied access to Defendants' goods and services.

73. Upon information and belief, Plaintiff and African Americans and/or other minorities, as well as persons related or associated with individuals belonging to these protected classes, will continue to be denied access to Defendants' goods and services.

74. Defendants' policy of denying access to Defendants' goods and services to Plaintiff and African Americans and/or other minorities, as well as against persons related or associated with individuals belonging to these protected classes, caused and continues to cause Plaintiff harm.

75. Plaintiff is entitled to issuance of an injunction pursuant to Rule 65 of the Federal Rules of Civil Procedure, 28 U.S.C. §134, 42 U.S.C. §1981, M.C.L. §37.2302 and pursuant to the general, legal, and equitable powers of this Court enjoining Defendants from denying Plaintiff and African Americans and/or other minorities, as well as persons related or associated with individuals belonging to

these protected classes access to Defendants' goods and services based on their race or association with individuals belonging to these protected classes.

76. In the absence of injunctive relief, Plaintiff and other individuals similarly situated or African Americans and/or other minorities, as well as persons related or associated with individuals belonging to these protected classes, will continue to suffer irreparable harm at the hands of Defendants.

77. The issuance of an injunction is not likely to cause substantial harm to others because Defendants are capable of providing Plaintiff and other individuals similarly situated or African Americans and/or other minorities, as well as persons related or associated with individuals belonging to these protected classes, Defendants' goods and/or services.

78. Plaintiff has a strong likelihood of success on the merits.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, declaratory and injunctive relief, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages as provided by the applicable law.

## COUNT VI
## DECLARATORY RELIEF

79. Plaintiff hereinafter incorporates by reference the above referenced Paragraphs and allegations, as though fully set forth herein.

80. Defendants' conduct as alleged above was extreme, outrageous, and utterly intolerable in a civilized society.

81. Defendants' actions were intentional, with reckless indifference to Plaintiff's rights and sensibilities.

82. Plaintiff was denied access to Defendants' services.

83. Defendants' policy of denying access to Defendants' goods and services to Plaintiff and African Americans and/or other minorities, as well as against persons related or associated with individuals belonging to these protected classes, caused and continues to cause Plaintiff irreparable harm.

84. Upon information and belief, Plaintiff and African Americans and/or other minorities, as well as persons related or associated with individuals belonging to these protected classes, will continue to be denied access to Defendants' goods and services.

85. Plaintiff has a strong likelihood of success on the merits.

86. Plaintiff is entitled to declaratory relief pursuant to Rule 57 and 65 of the Federal Rules of Civil Procedure, 28 U.S.C. §§2201-2202, 28 U.S.C. §134, 42 U.S.C. §1981, M.C.L. §37.2302, and pursuant to the general, legal, and equitable powers of this Court that Defendants unlawfully denied Plaintiff and African Americans and/or other minorities, as well as persons related or associated with individuals belonging to these protected classes, access to Defendants' goods and services

based on their race or association with individuals belonging to these protected classes.

   **WHEREFORE,** Plaintiff respectfully requests this Honorable Court to enter a judgment against Defendants in the amount consistent with the damages sustained, declaratory and injunctive relief, plus costs and attorneys' fees wrongfully incurred to bring this action, in addition to any other damages, including punitive damages as provided by the applicable law.

## <u>PRAYER FOR RELIEF</u>

   **WHEREFORE,** Plaintiff respectfully request that this Honorable Court grant the following relief:

1. Legal relief:
    a. compensatory damages in whatever amount he is found to be entitled;

    b. punitive and exemplary damages commensurate with the wrong and Defendants' ability to pay; and

    c. an award of interest, costs, and reasonable attorneys' fees.

2. Equitable relief:
    a. an injunction prohibiting Defendants from denying Plaintiff and African Americans and/or other minorities, as well as persons related or associated with individuals belonging to these protected classes, access to Defendants' goods and services based on their race or association with individuals belonging to these protected classes, or for any other discriminatory purpose;

    b. a declaration that Defendants unlawfully denied Plaintiff and African Americans and/or other minorities, as well as persons related or associated with individuals belonging to these protected classes, access to Defendants' goods and services based on their race or

association with individuals belonging to these protected classes;

c.  an award of interest, costs, and reasonable attorneys' fees; and

d.  other equitable relief that appears appropriate at the time of trial.

Respectfully Submitted,


_____/s/ Muneeb M. Ahmad_

AHMAD & AKBAR LAW, PLLC
Muneeb M. Ahmad (P70391)
Attorneys for Plaintiffs
811 North Main Street, Suite 301
Royal Oak, MI 48067
T. 248-519-2313
F. 248-519-2399
Muneeb@ahmadandakbar.com

UNITED STATES DISTRICT COURT
IN THE WESTERN DISTRICT OF MICHIGAN

─────────────────────────────────────────────────────

JOHNNY GAINES, an Individual,

                              Plaintiff,

-vs-                                          Case No.: 1:23-cv-1198
                                              Hon.:

FAMILY FARE, LLC.,
A Michigan Limited Liability Company
d/b/a FAMILY FARE SUPERMARKET
SPARTAN STORES FUEL, LLC.,
A Michigan Limited Liability Company
d/b/a FAMILY FARE QUICK STOP,
SPARTANNASH ASSOCIATES, LLC.,
A Michigan Limited liability Company, and
JANE OLDENKAMP, an Individual,

                              Defendants.

| AHMAD &AKBAR LAW, PLLC | |
|---|---|
| Muneeb M. Ahmad, Esq. (P70391) | |
| Syed Hussain Akbar, Esq. (P67967) | |
| Attorneys for Plaintiff | |
| 811 N. Main Street, Suite 106 | |
| Royal Oak, MI 48067-1825 | |
| Tel. (248) 519-2313 | |
| Fax: (248) 519-2399 | |
| Muneeb@ahmadandakbar.com | |

**PLAINTIFF'S VERIFIED COMPLAINT**
─────────────────────────────────────────────────────

     NOW COMES Plaintiff, JOHNNY GAINES, an Individual, by and through

undersigned counsel, Ahmad & Akbar Law, PLLC, and for Plaintiff's Verified

Complaint against, FAMILY FARE, LLC., a Michigan Limited Liability Company,

d/b/a FAMILY FARE SUPERMARKET, and SPARTAN STORES FUEL, LLC., a

Michigan Limited Liability Company, d/b/a FAMILY FARE QUICK STOP, and

SPARTANNASH ASSOCIATES, LLC., and JANE OLDENKAMP, an Individual,

hereby demands a Trial by Jury of the above-referenced cause of action.

Respectfully Submitted,

        /s/ Muneeb M. Ahmad

AHMAD & AKBAR LAW, PLLC
Muneeb M. Ahmad (P70391)
Attorneys for Plaintiffs
811 North Main Street, Suite 301
Royal Oak, MI 48067
T. 248-519-2313
F. 248-519-2399
Muneeb@ahmadandakbar.com